UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIAN ELLIS, ) <br> ) <br> Defendant. ) | Crim. No. 6:16-cr-00030-GFVT-HAI-1 <br><br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 47.]  Defendant Brian Ellis has been charged with violations of his supervised release.  In 2017, Mr. Ellis was sentenced to 98 months of imprisonment followed by three years of supervised release after pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  [R. 34.]  Mr. Ellis was released from custody on August 9, 2022.  [R. 47 at 1.]  This is his first reported supervised release violation.

The United States Probation Office issued a violation report that began these proceedings.  Therein, Probation charges Mr. Ellis with eight violations of his supervised release conditions.  *Id.*  The violations stem from urine tests that indicated the presence of methamphetamine in August of 2022 as well as further admissions to using methamphetamine in September.  *Id.* at 2.  Four violations allege that Mr. Ellis violated the condition that he refrain from the unlawful use of a controlled substance, which are Grade C violations.  *Id.*  The other four allege that Mr. Ellis violated federal or state law, which amount to Grade B violations.  *Id.*

After his initial arrest, Mr. Ellis was released on bond. *Id.* In the months of November and December, he allegedly committed four more violations of the terms of his release. *Id.* at 2–3. Based on two further tests that found methamphetamine in his system, Probation alleges two more Grade C violations for the unlawful use of a controlled substance and two more Grade B violations for violating federal or state law. *Id.*

Mr. Ellis appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 41.] During the hearing, Mr. Ellis competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States then moved for interim detention, and Mr. Ellis argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Ellis to the custody of the United States Marshal. *Id.*

On January 9, 2023, Mr. Ellis appeared before Judge Ingram for his final hearing. [R. 46.] There, he stipulated to the violations imposed, and Judge Ingram found that Mr. Ellis "competently, knowingly, voluntarily, and intelligently" stipulated to the violations. *Id.*

During the final hearing, the parties also presented their recommended sentences. The Government recommended a nine-month term of incarceration followed by three years of supervised release. [R. 47 at 4.] It argued that Mr. Ellis repeatedly violated the conditions of his supervision immediately after his release, demonstrating a breach of the Court's trust and that treatment is not a viable alternative to revocation. *Id.* at 4–5. On the other hand, Mr. Ellis recommended a below-Guidelines sentence of two months, followed by a term of supervised release with required drug abuse treatment. *Id.* at 4.

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class C

felony for conspiracy to distribute methamphetamine. *Id.* at 5. Thus, the conviction carries a 24-month maximum period of incarceration following a revocation. 18 U.S.C. § 3583(e)(3). The conviction also carries no maximum term of supervised release upon revocation. *See* 21 U.S.C. § 841(b)(1)(C). Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Ellis's criminal history category of I (at the time of his original conviction) and admitted Grade B violations, that Mr. Ellis's range of revocation is four to ten months under the Guidelines. [R. 47 at 6.]

After hearing both arguments, Judge Ingram evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of incarceration of six months. *Id.* at 9. He also recommended a reimposition of supervised release, for three years, with an additional condition. *Id.* Judge Ingram recommends that Mr. Ellis be required to enter an inpatient substance abuse treatment program immediately after he is released from incarceration. *Id.*

Judge Ingram reasoned that Mr. Ellis's conviction for conspiracy to distribute methamphetamine is serious and that he received a lengthy initial sentence. *Id.* at 7. While Mr. Ellis's criminal history is limited, the current violations are closely related to the conduct underlying his original conviction. *Id.* at 8. Judge Ingram also considered the need to provide treatment and concluded that Mr. Ellis's repeated, apparently uncontrollable abuse of methamphetamine does not indicate that further expenditure of public resources would be beneficial. *Id.* Instead, he recommends that Mr. Ellis be required to complete inpatient treatment at his own expense. *Id.* Given the severe breach of the Court's trust inherent in Mr.

3

Ellis's violations, Judge Ingram found that a sentence within the Guideline range is sufficient but not greater than necessary to meet the Section 3553(a) factors. *Id.* at 8–9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). Mr. Ellis has no objection to Judge Ingram's Report and Recommendation and filed a waiver of allocution on January 23, 2023. [R. 48; R. 49.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 47]** is **ADOPTED** as and for the Opinion of the Court;
2. Mr. Ellis is found **GUILTY** of all violations;
3. Mr. Ellis's supervised release is **REVOKED**;
4. Mr. Ellis is **SENTENCED** to a term of incarceration of six months, followed by supervised release of three years, with the following additional special condition:

      a.  Immediately upon release from incarceration, you must enter an inpatient substance abuse treatment program as directed by the USPO. You must comply with all rules of the facility and successfully complete the program. You must pay for the cost of treatment services; and

5. Judgment shall enter promptly.

This the 25th day of January 2023.

Gregory F. Van Tatenhove
United States District Judge